```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

ERICA WILLIAMS                      :
                                    :
v.                                  :    Civil Action WMN-05-969
                                    :
WELLS FARGO HOME MORTGAGE           :

**MEMORANDUM**

Plaintiff filed this action on March 3, 2005, in the Circuit Court for Baltimore City, bringing claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq (FCRA) (Counts I and II) as well as a claim for tortious interference with contract (Count III) and breach of contract (Count IV).  Defendant timely removed the case to this Court.  On March 7, 2006, this Court issued a Memorandum and Order either dismissing or granting summary judgment in favor of Defendant as to all of Plaintiff's claims except her breach of contract claim.  Plaintiff's contract claim is premised on Defendant's alleged refusal to accept a monthly mortgage payment in two installments.  The only damage that Plaintiff has specifically identified as associated with this claim is the expense of locating alternative financing.  See Compl. ¶ 31.

In its March 7, 2006, Memorandum and Order, this Court also addressed issues related to Plaintiff's long-standing failure to properly respond to discovery.  In November of 2005, this Court granted a motion to compel and ordered Plaintiff to supplement some unquestionably inadequate interrogatory responses.  In

response to a second motion to compel, the Court in its March 7, 2006, Memorandum opined that Plaintiff's supplemental responses concerning her alleged damages were "so indeterminate . . . as to be useless and [] so exaggerated as to strain credulity."  Mem. 14.  The Court ordered Plaintiff to provide supplemental answers that explain the basis for her damage claims "with clarity and specificity" within 14 days.  Mem. 15; March 7, 2006 Order ¶ 3.

Despite this order, Plaintiff failed to supplement her discovery responses, and on March 27, 2006, Defendant filed a motion seeking, inter alia, an order dismissing the remaining claim as a sanction for Plaintiff's failure to comply with this Court's previous orders.  Paper No. 57.  Plaintiff failed to file any response to that motion, and the time for so doing under the Local Rules has now expired.

Under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, a district court can dismiss an action based upon a party's failure to obey an order to provide discovery.  See Daye v. General Motors Corp., 172 F.R.D. 173, 178 (M.D.N.C. 1997).  Here, Plaintiff supplied woefully inadequate answers in response to this Court's first order compelling supplemental answers, and completely ignored this Court's second order.  Under these circumstances and in light of the absence of any response from Plaintiff explaining her failure to comply with the orders of this Court, the Court finds that dismissal of the sole remaining claim is appropriate.

A separate order will issue.

```
                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
```

Dated: April 17, 2006